```
                   UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

Damon Walker

   v.                                            Civil No. 14-cv-537-LM

United States

## REPORT AND RECOMMENDATION

Damon Walker filed a petition (doc. no. 1) under 28 U.S.C. § 2241, claiming that the District of Connecticut erred in sentencing him to a twenty-five year prison sentence for two drug conspiracy convictions under 21 U.S.C. § 846, when it used the twenty-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A), applicable for a second offender with a prior felony drug conviction, as a baseline for Walker's sentence. The petition is before this court for preliminary review to determine if it is facially valid and may proceed.  See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions); LR 4.3(d)(4)(A).

## Background

In United States v. Walker, No. 3:99-cr-00264-EBB (D. Conn.) ("Walker I"), the jury convicted Walker of racketeering,

racketeering conspiracy, witness tampering/obstruction of justice, and two counts of conspiracy with intent to distribute and distribution of a narcotic under 21 U.S.C. §§ 841(a)(1), 846.  Before trial, the government notified Walker that, if convicted of the federal drug conspiracy charges, he would be subjected to a twenty year mandatory minimum sentence, pursuant to 21 U.S.C. § 841(b)(1)(A), because he had a prior felony narcotics conviction under Conn. Gen. L. 21a-277(a).  See Info. to Est. Prior Conviction, Walker I, No. 3:99-cr-00264-EBB-19 (D. Conn., filed Apr. 29, 2005), ECF No. 1809.  The 1999 conviction was obtained by an Alford plea, in which Walker did not admit that he had engaged in criminal conduct.  Cf. North Carolina v. Alford, 400 U.S. 25 (1970).

In 2005, the District of Connecticut, departing from a guidelines sentence of life imprisonment, sentenced Walker to a set of concurrent sentences, including four concurrent 25-year prison sentences for the two drug conspiracy counts, and for the racketeering and racketeering conspiracy counts.  See Walker I, No. 3:99-cr-00264-EBB-19 (D. Conn. Nov. 29, 2005), ECF No. 1984; see also Walker v. United States, No. 3:10-cv-00107-EBB, slip op. at 4 (D. Conn. May 26, 2011), ECF No. 17 (order denying initial § 2255 motion).  The Second Circuit affirmed Walker's conviction in 2008.  See United States v. Walker, 262 F. App'x

303 (2d Cir. 2008).

In January 2010, Walker filed his first motion under 28 U.S.C. § 2255 in the sentencing court.  See Walker v. United States, No. 3:10-cv-00107-EBB (D. Conn., filed Jan. 6, 2010).  That motion was denied on May 26, 2011.  See id. No. 3:10-cv-00107-EBB (D. Conn. May 26, 2011), ECF No. 17.  The Second Circuit dismissed Walker's appeal of that order.  See Walker v. United States, No. 11-4511-pr (2d Cir. July 2, 2012).

Walker now challenges his sentence on the ground that the sentencing court erred in deeming his prior conviction to be a "felony drug offense," in applying the twenty-year mandatory minimum sentence to his federal drug conspiracy convictions under 21 U.S.C. § 841(b)(1)(A).  Walker first raised that challenge to his sentence in the Second Circuit in 2014, in an unsuccessful application for permission to file a successive § 2255 motion in the sentencing court.  See Walker v. United States, No. 14-2065 (2d Cir. July 10, 2014), ECF No. 14 ("Walker II").  Walker then filed the instant petition in this court, reasserting the same claim as grounds for relief under § 2241.

### Discussion

I.  Savings Clause Jurisdiction

In general, the court in which a federal defendant was

3

convicted and sentenced has exclusive jurisdiction over post-conviction proceedings challenging the validity of the conviction or sentence, pursuant to 28 U.S.C. § 2255.  Section 2255(e), known as the "savings clause," preserves a limited role for the court in the district of a federal inmate's incarceration to exercise jurisdiction, under 28 U.S.C. § 2241, to consider a challenge to the validity of an inmate's detention.  See United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999).  Section 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained . . . unless it . . . appears that the remedy by motion [under § 2255] is <u>inadequate or ineffective to test the legality of his detention</u>.

Id. (emphasis added).  The issue of the adequacy and effectiveness of the § 2255 remedy in a case is jurisdictional, as the proper district for filing the petition depends on whether the petition is filed under § 2241 or § 2255.  See Bryant v. Warden, 738 F.3d 1253, 1262 (11th Cir. 2013).

"[A]dequacy and effectiveness must be judged ex ante. . . . [P]ost-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.'"  Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (quoting In re

4

Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis in original)).  If nothing prevented the petitioner from raising his § 2241 claims in a first § 2255 motion, he cannot prevail in asserting that the § 2255 process has been inadequate or ineffective to challenge his detention.  See generally Bryant, 738 F.3d at 1272; see also Barrett, 178 F.3d at 53.  Recourse to the savings clause is allowed "in rare and exceptional circumstances, such as those in which strict adherence to AEDPA's gatekeeping provisions would result in a 'complete miscarriage of justice,'" such as cases involving a "credible allegation of actual innocence."  Trenkler, 536 F.3d at 99 (citation omitted).  Additionally, the savings clause allows petitioners to assert statutory claims based on new binding precedent, previously unavailable to them, that narrows the scope of a criminal statute in a way that would have rendered the petitioner not guilty of criminal conduct.  See Sustache-Rivera v. United States, 221 F.3d 8, 16 n.14 (1st Cir. 2000) (citing cases allowing § 2241 petitions to be filed after Supreme Court in Bailey v. United States, 516 U.S. 137 (1995), narrowed the definition of "use" of a firearm in 18 U.S.C. § 924(c)(1)).

   Walker argues that he could not assert his sentencing claim in his initial § 2255 motion, because his collateral challenge

to his sentence was not viable until 2013, when the Supreme Court issued both Alleyne v. United States, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013) (jury must decide factors affecting mandatory minimum sentence), and Descamps v. United States, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013) (discussing record that sentencing court may examine in deciding whether prior state conviction qualifies as predicate for enhanced federal sentence). Walker's reliance on both of those cases is misplaced, however, as Alleyne's rule does not apply to the fact of a prior conviction, see United States v. Paladin, 748 F.3d 438, 451-52 (1st Cir.), cert. denied, 135 S. Ct. 694 (2014), and has been found not to be retroactively applicable to cases on collateral review, see Butterworth v. United States, 775 F.3d 459, 468 (1st Cir. 2015), cert. denied, No. 14-8251, 2015 U.S. LEXIS 1709, 83 U.S.L.W. 3698 (U.S. Mar. 2, 2015); Jeanty v. Warden, 757 F.3d 1283, 1285 (11th Cir. 2014). Moreover, Descamps clarified existing law; it did not change the law as it existed when Walker filed his initial § 2255 motion, regarding whether a conviction under state law would qualify to enhance a later federal sentence. See Ezell v. United States, 778 F.3d 762, 766 (9th Cir. 2015) ("Descamps clarified application of the modified categorical approach in light of existing precedent" (citing Descamps, 133 S. Ct. at 2283)); Chhabra v. Holder, 586

6

F. App'x 77, 78 (2d Cir. 2014) (summary order) (Descamps did not effect "fundamental change" in law).

In January 2011, while Walker's initial § 2255 motion was pending, the District of Connecticut issued an order on an initial § 2255 motion in a different case, based on the same grounds asserted by Walker here. See Samas v. United States, No. 3:10-CV-422 JCH, 2011 U.S. Dist. LEXIS 5671, at *5-*12, 2011 WL 221866 (D. Conn. Jan. 19, 2011) (ordering resentencing where government could not demonstrate that petitioner's prior narcotics conviction under Connecticut law, which resulted from Alford plea, qualified as "felony drug offense" for purposes of triggering heightened mandatory minimum sentence). Citing that case, or, by analogy, the precedent upon which it relied, see, e.g., United States v. Savage, 542 F.3d 959 (2d Cir. 2008), Walker could have made the very same claim asserted in this case in his initial § 2255 motion.[1] Where, as in Walker's case, the petitioner missed an opportunity to present a claim in a prior

---

[1] This court expresses no view regarding the merits of Walker's claim. The District of Connecticut in McCoy v. United States, No. 3:09-CV-1960 MRK (D. Conn. Aug. 4, 2011), denied an initial § 2255 motion asserting a claim that was essentially the same as Walker's here. See id., 2011 U.S. Dist. LEXIS 87123, 2011 WL 3439529 (D. Conn. Aug. 4, 2011), aff'd, 707 F.3d 184 (2d Cir. 2013). The district court in McCoy rejected that claim because the petitioner in McCoy could show neither cause nor prejudice to excuse the failure to raise the claim at the time of his sentencing and direct appeal, in 2007. See id., 2011 U.S. Dist. LEXIS 87123, *16-*27, 2011 WL 3439529, at *6-*9.

7

§ 2255 motion, any "ineffectiveness" of the § 2255 process "is due to him and not to § 2255." Barrett, 178 F.3d at 53 (citations and internal quotation marks omitted). Accordingly, Walker has failed to show that the § 2255 remedy has been ineffective or inadequate in his case.

In the alternative, Walker seeks to invoke this court's § 2241 jurisdiction by asserting actual innocence. The Second Circuit previously ruled that Walker did not present a claim of actual innocence when it denied his application to proceed on a second or successive motion. See Walker II, slip op. at 2 (actual innocence "'means factual innocence, not mere legal insufficiency" (quoting Bousley v. United States, 523 U.S. 614, 623 (1998))). Walker has similarly failed in this court to set forth specific facts showing that he did not commit the crimes at issue. Accordingly, Walker has not stated a claim of actual innocence upon which savings clause jurisdiction might be found. Cf. House v. Bell, 547 U.S. 518, 536-37 (2006) (gateway actual innocence claims generally assert that "in light of new evidence 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt'" (citations omitted)).

**Conclusion**

For the foregoing reasons, the district judge should deny the petition (doc. no. 1) and dismiss the case for lack of jurisdiction. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the District Court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

March 31, 2015

cc: Damon Walker, pro se
    Seth R. Aframe, Esq.